1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT TUNSTALL,

11              Petitioner,                 No. CIV S-04-2658 DFL JFM P

12        vs.

13   TERESA A. SCHWARTZ, et al.,

14              Respondents.                ORDER

15   _____/

16              Petitioner, a state prisoner proceeding pro se and in forma pauperis with a petition

17   for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a prison

18   disciplinary conviction that he suffered on a prison rules violation report issued on February 27,

19   2003.  Petitioner claims that his right to due process was violated in connection with the prison

20   disciplinary proceedings.[1]  On August 25, 2005, this court issued findings and recommendations

21   recommending dismissal of the petition for failure to exhaust state court remedies.

22   _____

23        [1] To the extent that the instant petition is construed to contain a separate claim that petitioner
     has been denied appropriate medical care, such a claim is not cognizable in this federal habeas
24   corpus action.  Federal habeas corpus relief is availably only for challenges to the fact of a conviction
     or the length of a prison sentence.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  A challenge to
25   the conditions of petitioner's confinement must be raised, if at all, in a federal civil rights action
     pursuant to 42 U.S.C. § 1983 or a state tort action.  The petition before the court will be limited to
26   petitioner's due process challenge to the prison disciplinary conviction.

1

On September 12, 2005, petitioner filed objections to the findings and recommendations in which he contends that he did exhaust state court remedies in a petition for review to the California Supreme Court, which was denied by order filed November 10, 2004. Petitioner attached to his objections a copy of the order denying the petition for review, but has not filed a copy of the petition for review itself.  By order filed October 13, 2005, petitioner was directed to file a copy of the state supreme court petition for review.  On October 28, 2005 and November 4, 2005, petitioner filed responses to the October 13, 2005 order.  After review of petitioner's responses, and good cause appearing, the findings and recommendations will be vacated.

Since petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be directed to file an answer.

On August 15, 2006, an individual filed a letter in this action, apparently on behalf of petitioner and his wife, claiming that petitioner is in administrative segregation, without necessary medication, and separated from his legal materials.  A request to stay this action is included in the letter.  Good cause appearing, respondent will be directed to respond to the contentions in the letter concerning the conditions of petitioner's confinement.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed August 25, 2005 are vacated;

2.  Respondents are directed to file an answer within forty-five days from the date of this order.  See Rule 4, Rules Governing Section 2254 Cases.  Respondents shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application.  Rule 5, Rules Governing Section 2254 Cases;

3.  Petitioner's traverse, if any, is due on or before thirty days from the date respondents' answer is filed;

/////

/////

4.   The Clerk of the Court is directed to serve a copy of this order together with a copy of petitioner's application for writ of habeas corpus and the document filed in this action on August 15, 2006 on Stanley Cross, Senior Assistant Attorney General;

5.   Within ten days from the date of this order the Office of the Attorney General shall file a written report on petitioner's medical condition and the status of his access to his legal material.

DATED:  September 7, 2006.

UNITED STATES MAGISTRATE JUDGE

12
tuns2658.100

3