IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Petitioner,                     No. CIV S-04-2658 DFL JFM P

    vs.

TERESA A. SCHWARTZ, et al.,

    Respondents.               <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 15, 2006 and September 6, 2006, plaintiff filed, through an individual identified as a "next friend," documents in which contentions are made that petitioner is in the administrative segregation unit at California Medical Facility and that he is being denied all access to his legal property and to the law library, and that he is being denied adequate medical care. The document filed September 6, 2006 is styled a motion for injunctive relief and for temporary stay of these proceedings. By order filed September 7, 2006, respondents were directed to report to the court on the status of petitioner's medical condition and the status of his access to legal materials. Respondents filed their response on September 21, 2006. On the same day, petitioner filed a letter concerning his

1

medical and mental health condition.  Finally, on October 16, 2006, petitioner filed a response to respondents' September 21, 2006 response.

As a general proposition, requests for court action must be filed by petitioner himself, and not a non-attorney on his behalf.  Moreover, allegations concerning alleged denial of access to medical care, to legal materials, and to the law library implicate the conditions of plaintiff's confinement and are not cognizable in this federal habeas corpus action.  See Preiser v. Rodriguez, 411 U.S. 475 (1973) (federal writ of habeas corpus available only to challenge fact or duration of confinement and not conditions thereof).  In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  There are no allegations that the respondents in this action are or have been personally involved in the alleged deprivations complained of in the documents filed on August 15, 2006, September 7, 2006, September 21, 2006, or October 16, 2006.

Under exceptional circumstances, the All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

This court has reviewed the documents filed in this action on August 15, 2006 and September 6, 2006, respondents' September 21, 2006 response and exhibits appended thereto, and petitioner's September 21, 2006 letter.  After completion of said review, this court finds that the events complained of in the documents filed by or on behalf petitioner do not implicate the court's exercise of jurisdiction over this habeas corpus action in such a way to support issuance of relief under the All Writs Act.  Petitioner's complaints of denial of adequate medical care and

1  interference with access to the law library must therefore be raised, if at all, in a civil rights
2  action under 42 U.S.C. § 1983.
3        For all of the foregoing reasons, the request filed August 15, 2006 and the motion
4  filed September 6, 2006 will be denied without prejudice, and the court will take no further
5  action on the information contained in petitioner's letter filed September 21, 2006 or his October
6  16, 2006 response.
7        Petitioner included with his October 16, 2006 response a motion for the
8  appointment of counsel. There currently exists no absolute right to appointment of counsel in
9  habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18
10 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of
11 justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the
12 court does not find that the interests of justice would be served by the appointment of counsel at
13 the present time. Accordingly, petitioner's motion for appointment of counsel will be denied.
14       Finally, on October 23, 2006, respondents filed a request for an extension of time
15 to file an answer to the petition. Good cause appearing, respondents' request will be granted. No
16 further extensions of time to file an answer will be granted.
17       In accordance with the above, IT IS HEREBY ORDERED that
18       1. Petitioner's August 15, 2006 request is denied without prejudice;
19       2. The motion filed September 6, 2006 on behalf of petitioner is denied without
20 prejudice;
21       3. The Clerk of the Court is directed to send petitioner the court's form for a civil
22 rights action pursuant to 42 U.S.C. § 1983 and accompanying instructions;
23       4. Petitioner's October 16, 2006 motion for appointment of counsel is denied;
24       5. Respondents' October 23, 2006 request for an extension of time is granted;
25       6. Respondents' answer to the petition shall be filed and served not later than
26 forty-five days from the date of this order and no further extensions of time will be granted; and

7. Petitioner's traverse shall be filed and served not later than thirty days after service of respondents' answer.

DATED: November 13, 2006.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
tuns2658.o