IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Petitioner,                    No. CIV S-04-2658 RRB JFM P

    vs.

TERESA A. SCHWARTZ, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional due process rights were violated by a 2003 prison disciplinary conviction for resisting staff necessitating use of force. Petitioner claims that his medical condition was not adequately considered by the hearing officer, that he was not allowed to question his witnesses, that he was not allowed to call a witness, that he was not allowed to present documents in their entirety, and that prison officials failed to appoint a staff assistant to aid him in the disciplinary proceedings.

FACTS

        On February 28, 2003, a written rules violation report was issued charging petitioner with resisting staff necessitating use of force. Ex. A to Petition for Writ of Habeas Corpus, filed December 16, 2004. The charging officer wrote the following grounds for the charges:

1

> On Thursday, February 27, 2003, while assigned as the Facility "B" Sergeant the following occurred: At approximately 0735 hours I observed an inmate later identified as Inmate TUNSTALL, B-79295, . . . , to be standing outside the dining area just standing around impeding the flow of traffic that was exiting the dining hall. I ordered I/M TUNSTALL to keep walking, my order was ignored. I instructed C/O Ceja who was standing about three feet away from me to handcuff I/M Tunstall and escort him to the Facility Medical Office. As C/O Ceja approached the clinic with I/M TUNSTALL, he started resisting by pulling away. The yard was put down and I responded to the area. I told I/M TUNSTALL to stop resisting. I/M TUNSTALL continued to resist. I pulled my MK-9 from the holder and told I/M TUNSTALL if he continued to resist I would use OC spray on him. I/M TUNSTALL complied and stopped resisting. He was escorted to the holding cage in Facility "B" clinic without further incident. I/M TUNSTALL is not a participant in the MHDS and has a TABE score above 4.0.

Ex. A to Petition, at 1.

On March 26, 2003, a hearing was held on the disciplinary charges. Petitioner was permitted to call two inmate witnesses. Ex. A to Petition, at 2. The hearing officer deemed the statements of both witnesses irrelevant "due to the incident happening after the handcuffs were already on Inmate TUNSTALL." Id. In his defense, petitioner made the following statement: "I have memory loss so I cannot provide a statement at this time." Id. Petition offered "numerous documents confirming he suffers from Post Traumatic Stress Disorder." Id. The hearing officer found petitioner guilty based on the reporting officer's statement. Id. Petitioner lost thirty days of time credits as a result of the disciplinary conviction. Id. at 3.

## ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

Petitioner contends that his right to due process was violated in several respects by the disciplinary conviction. The last reasoned state court rejection of petitioner's claims is the

3

decision of the Kings County Superior Court on petitioner's state petition for writ of habeas corpus. Ex. 4 to Answer to Petition for Writ of Habeas Corpus, filed December 29, 2006. Citing Superintendent v. Hill, 105 S.Ct. 2768 (1985), the state superior court denied the petition on the ground that there was "some evidence" to support the hearing officer's decision. Id.

Prison inmates subjected to disciplinary action resulting in a loss of a protectible liberty interest are entitled to minimum procedural protections under the Due Process clause. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Inmates have a right to call and present witnesses and documentary evidence. Ponte v. Real, 471 U.S. 491, 495 (1985). Further, a prison disciplinary board determination must be supported by "some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

As noted above, petitioner claims that his medical condition was not adequately considered by the hearing officer, that he was not allowed to present documents related to his medical condition in their entirety, that he was not allowed to question his witnesses, that he was not allowed to call a witness, and that prison officials failed to appoint a staff assistant to aid him in the disciplinary proceedings.

In the disciplinary decision, the hearing officer referred only to documentation confirming that petitioner suffers from post-traumatic stress disorder. See Ex. A to Petition. Petitioner's contention in these proceedings, and on his administrative appeal from the disciplinary conviction, was that his recent brain surgery and the antiseizure medications he was on following that surgery were not adequately considered by the hearing officer. See Exs. C-F to Petition. It is unclear what documents were before the hearing officer. The record reflects, however, that at the second level of administrative review of the disciplinary conviction a pharmacist advised the investigating officer that "it is unlikely [petitioner]'s medication would have caused [him] to react in the manner [he] did, and resist staff while in handcuffs." Ex. H to Petition, at 5. The evidence presented by petitioner in these proceedings is not contrary to this conclusion.

1   Moreover, in order to satisfy the requirements of due process a disciplinary
2  conviction must be supported by "some evidence." Superintendent v. Hill, 472 U.S. at 454-55.
3  This standard prevents "arbitrary deprivations without threatening institutional interests or
4  imposing undue administrative burdens." Id. at 455. Petitioner's disciplinary conviction is
5  supported by "some evidence" in the record. The court finds no due process violation from any
6  alleged failure to adequately consider petitioner's medical condition in the disciplinary
7  proceedings.

8   Petitioner also claims that he was not allowed to question his witnesses, and that
9  he was not permitted to call the California Department of Corrections' Ombudsman as a witness.
10 The record reflects that petitioner requested two inmate witnesses, both of whom were allowed to
11 give statements. See Ex. A to Petition. Petitioner apparently sought to call the Ombudsman to
12 testify about a telephone call made after the incident at bar. There is no evidence that a request to
13 call the Ombudsman was made to the hearing officer at the time of the hearing. Even if the
14 request was made, there is no showing that the failure to permit plaintiff to call this witness
15 violated his right to due process.

16   Petitioner's final contention is that he was not allowed a staff assistance to help
17 him with the disciplinary proceedings.[1] Prison inmates do not have the right to assistance of
18 counsel in prison disciplinary proceedings. See Wolff, 418 U.S. at 570. On the other hand,
19 "[w]here an illiterate inmate is involved, however, or whether the complexity of the issue makes
20 it unlikely that the inmate will be able to collect and present the evidence necessary for an
21 adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if
22 that is forbidden, to have adequate substitute aid in the form of help from the staff or from a
23 sufficiently competent inmate designated by the staff." Id. The record before the court does not

---

[1] California regulations provide that an inmate is entitled to staff assistance with the disciplinary proceedings only when the chief disciplinary officer "determines that the nature of the inmate's need for assistance will require a confidential relationship ... for the preparation and presentation of the inmate's defense." Cal.Code Regs. tit. 15, § 3318(b).

show that petitioner is illiterate, or that he was unable to comprehend the charges against him sufficiently to defend against the charges without a staff assistant. Petitioner's due process rights were not violated by the absence of staff assistance.

For all of the foregoing reasons, this court finds that the state court's denial of petitioner's challenge to his 2003 disciplinary conviction was neither contrary to, nor an unreasonable application of, applicable principles of clearly established federal law.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2008.

UNITED STATES MAGISTRATE JUDGE

/tuns2658.157